**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CASE NO. 3:20-CV-611-RJC-DCK**

| | | |
|---|---|---|
| **CHANNELTIVITY, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **STIPULATED PROTECTIVE** |
| | ) | **ORDER** |
| | ) | |
| **ALLBOUND, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on the parties' "Joint Motion For Entry Of A Stipulated Protective Order" (Document No. 34) filed November 9, 2021. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion and enter the parties' Protective Order as follows.

Some of the documents and information being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties. The Parties have agreed to comply with the terms of this Stipulated Protective Order ("Order"). This Order shall supersede and replace all previously entered protective orders or agreements in or related to this action. The materials to be exchanged throughout the course of the litigation between the Parties may contain trade secrets or other confidential research, technical, cost, price, marketing, data, computer code, or other confidential or sensitive commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation.

**IT IS, THEREFORE, ORDERED** that:

(1) **Applicability of Order.** The following Order shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other information produced, given or exchanged by and among the parties and any non-parties to this Litigation in connection with discovery in the Litigation (such information hereinafter referred to as "Discovery Material"). Any person or entity which produced, or has rights in, any Discovery Material, shall be referred to herein as a "Producing Party." Any party who receives any Discovery Material pursuant to this Order shall be referred to herein as a "Receiving Party."

(2) **Designations of Material:**

(a) <u>CONFIDENTIAL</u>: Any Producing Party may designate certain Discovery Material as "CONFIDENTIAL" under the terms of this Protective Order if such party in good faith believes, as set forth below, that such CONFIDENTIAL Discovery Material contains confidential, financial and/or proprietary or commercially sensitive information that requires the protection provided for in this Protective Order.

(b) <u>ATTORNEYS' EYES ONLY</u>: Discovery Material may also be designated as "ATTORNEYS' EYES ONLY" under the terms of this Protective Order. The designation of discovery material as "Attorneys' Eyes Only" shall be made in good faith, based on a reasonable belief that the discovery material so designated contains any of the following: trade secrets; confidential research, development, proprietary, financial, commercial information; or other confidential information that is treated by the proprietor thereof as such information and that the confidentiality of such documents, testimony, or information cannot be adequately maintained so as to protect the reasonable, protectable interests of the Producing

2

Party in maintaining their confidentiality, unless the disclosure of such documents, testimony, or information is limited to those persons identified in paragraph 11 below.

(c)    <u>ATTORNEYS' EYES ONLY – SOURCE CODE</u>:  Discovery Material may be designated "ATTORNEYS' EYES ONLY – SOURCE CODE" when the Producing Party believes in good faith that the document contains source code that is not generally known to others, and has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury, and that the party would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence.  Data designated as "ATTORNEYS' EYES ONLY – SOURCE CODE":

    i.    Shall be encrypted and all necessary information to gain access to the encrypted data shall only be made available to counsel of record;

    ii.    Shall be viewed only on non-networked computers in a secure area within the United States except as may otherwise be agreed in writing by counsel of record;

    iii.    Counsel of record shall maintain a log of all copies of "ATTORNEYS' EYES ONLY – SOURCE CODE" data;

    iv.    Shall be viewed only by the Receiving Party's counsel of record and Independent Expert (defined below).

(3)    **Confidential Treatment:**  Use of any information, documents or other materials, subject to this Protective Order, including all derivative information therefrom, shall be restricted

3

solely to litigation between the parties and shall not be used by any party or non-party witness for any business, competitive, personal or other purpose. This Order, however, shall in no way operate to restrict the disclosure or use of any information that is known or becomes known through means or sources other than the production of confidential information in this Litigation.

(4)     The designation by any Producing Party of any Discovery Material as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY – SOURCE CODE" shall constitute a representation that such Discovery Material has been reviewed by an attorney for the designating party and that there is a valid basis for such designation.

(5)     **Designating Discovery Material:** Any Producing Party shall make the designation of "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY – SOURCE CODE" in the following manner:

(a)     Documents or other materials (apart from depositions or other pretrial testimony): by affixing the legend "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY – SOURCE CODE" prominently so it appears on each page of a document, or those pages or portions of the document intended to be so designated, in a manner which will not interfere with the legibility of the document. The failure to designate Discovery Material as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY – SOURCE CODE" does not constitute a waiver of such claim, and a Producing Party may so designate such Discovery Material after such Discovery Material has been produced, with the effect that such Discovery Material is subject to the protections of this Stipulation and Order only from such time and thereafter; and

(b)     Depositions or other pretrial testimony: (i) by a statement on the record by counsel for the Producing Party at the time of such disclosure; or (ii) by written notice

4

served on counsel of record in this Litigation within thirty (30) days after the receipt of the draft transcript of such proceeding; and in both of the foregoing instances, by directing the court reporter that the appropriate confidential legend be affixed to the first page and all portions of the original and all copies of the transcript containing any "CONFIDENTIAL," "ATTORNEYS'EYES ONLY," or "ATTORNEYS' EYES ONLY – SOURCE CODE" Discovery Material. Only those portions of the transcripts designated as "CONFIDENTIAL," "ATTORNEYS'EYES ONLY," or "ATTORNEYS' EYES ONLY – SOURCE CODE" shall be deemed as such. The parties may modify this procedure for any particular deposition through agreement on the record at such deposition or thereafter, without further order of the Court.

(c) <u>Non-Written Materials</u>: Any non-written Discovery Material (e.g., videotape, audio tape, computer disk, etc.) may be designated by labeling the outside of such non-written material designated as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY – SOURCE CODE." In the event a Receiving Party generates any "hard copy" transcription or printout from any such designated non-written materials, the party who generates such "hard copy" transcription shall take reasonable steps to maintain the appropriate confidentiality of such materials.

(6) **Use of Protected Information in Court Proceedings.** If Discovery Material deemed "CONFIDENTIAL," "ATTORNEYS'EYES ONLY," or "ATTORNEYS' EYES ONLY – SOURCE CODE" is filed with the Court, the filing party shall move to file such material under seal in accordance with Local Rule 6.1. Unless the Court orders otherwise or by agreement of

5

the parties, any pleadings, briefs, motions, etc., containing or referring to the information subject to this Order shall be presented to the Court only after and via motion to seal or alternatively the filing party may place under seal those pages containing all disclosures of information subject to this Protective Order.

(7) **Disclosure of "Confidential" Material.** As to any document that is marked, designated or identified as "CONFIDENTIAL" by a Producing Party, such document, any copy made of such document and any confidential information contained in such document or copy will be permitted to be disclosed by the receivingparty for purposes of this action only to the following:

(a) The Court in this action and its staff;

(b) Any appellate court and its staff;

(c) The present, past and future attorneys for any party to this action and their respective firms and staffs;

(d) Any employee of a party to this action who needs to review such documents in connection with this action or in connection with any aspect of preparation for or defense of any deposition or in connection with any aspect of the preparation for trial in this action;

(e) Accountants, sureties, and auditors of any party to this action;

(f) Any expert who needs to review such documents in connection with this action or in connection with any aspect of preparation for or defense of any deposition or in connection with any aspect of preparation for trial in this action;

(g) The court reporter in any deposition or at trial in this action;

(h) Any witness at any deposition in this action who has knowledge of the confidential

document and who needs to review such document in connection with such witness' testimony and any attorney for such witness at such deposition;

(i)     Any witness at trial in this action who has knowledge of the confidential document and who needs to review such document in connection with such witness' testimony, if otherwise allowed by the Court in this action;

(j)     The jury at trial, if otherwise allowed by the Court in this action;

(k)     Any outside copy service agreed upon by the parties to this action for copying confidential documents; or

(l)     Any mediator in any matter involving the parties to this action and the mediator's staff, provided, that persons listed in (c) – (h) shall be given a copy of this Order and shall sign the Acknowledgement of Confidentiality attached hereto as Exhibit "A."

(m)     Further access may be agreed to by the parties documented in writing or requested by any party by motion filed with this Court and approved by this Court.

(8)     **Disclosure of "Attorneys' Eyes Only" or "Attorneys' Eyes Only – Source Code" Material.**     As to any document that is marked, designated or identified as "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SOURCE CODE" by a Producing Party, such document, any copy made of such document, and any confidential information contained in such document or copy will be permitted to be disclosed by the receiving party for purposes of this action only to the following:

(a)     The Court in this action and its staff;

(b)     Any appellate court and its staff;

(c)     The present, past and future outside attorneys for any party to this action and their

7

respective law firms and staffs; or

(d) Any Independent Expert who needs to review such documents in connection with this action or in connection with any aspect of preparation for or defense of any deposition or in connection with any aspect of preparation for trial in this action, provided that any said expert shall be given a copy of this Order and shall sign the Acknowledgement of Confidentiality attached hereto as Exhibit "A." "Independent Expert" shall mean a technical expert retained by the Receiving Party who has no other relationship to the Receiving Party, including, but not limited to, as an employee, independent contractor, agent, consultant, officer, manager, director, member, shareholder, partner, owner, or relative of a person falling into any of the aforementioned categories, and who does not report to any person relating to the Receiving Party who is responsible, in any way, for making competitive business decisions for the Receiving Party.

(e) Further access may be agreed to by the parties documented in writing or requested by any party by motion filed with and approved by this Court.

(9) **Exclusion of Non-Designated Persons.** Whenever information designated as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY – SOURCE CODE" pursuant to this Protective Order is to be (a) discussed by a party or (b) disclosed in a deposition or other hearing or proceeding, any party claiming confidentiality may exclude from the room any person, other than persons designated in the pertinent portions of Paragraphs 7 and 8 of this Order, for that portion of the deposition, hearing, or proceeding.

(10) **No Prejudice.** This Order shall not constitute a waiver of any right of a party or non-party to oppose any discovery request as provided under the Federal Rules of Civil

8

Procedure. Further, nothing contained in this Order shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of information, documents, or other materials, subject to this Order. Also, nothing contained in this Order shall preclude any party from objecting on any grounds to the admission into evidence at trial or at any hearing of any information, documents or other materials, subject to this Order. Nothing in this Order shall prejudice any party from seeking amendments to it broadening or restricting the rights of access to and use of confidential information, or other modifications, subject to the Order by the Court.

(11) **Use of Discovery Material in Court Proceedings.** Information, documents, and other materials subject to this Order, may be introduced into evidence at trial or at other hearings in this Litigation, if otherwise admissible, provided that the party seeking to do so shall give sufficient advance notice to the Court and to the parties to allow arrangements to be made for appropriate in-camera treatment of the confidential documents, information and other materials. Reference in the pretrial order shall be sufficient advance notice. In the event that a transcript of the trial is prepared, any party may request in writing prior to the preparation of said transcript, that certain portions thereof, which contain confidential information and materials, be filed under seal in accordance with Local Rule 6.1. In the event that any Producing Party shall introduce, cause to be introduced, filed, or otherwise made publicly available, "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY – SOURCE CODE" Discovery Material in any court proceeding in this Litigation or any appeal therefrom, subject to the applicable court rules, said "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY – SOURCE CODE" Discovery Material shall not lose its status as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY – SOURCE CODE" Discovery Material through such use.

9

(12)　**Inadvertent Disclosure.**　The inadvertent failure to designate Discovery Material as protected with one of the permitted designations does not constitute a waiver of such claim and may be remedied by prompt supplemental written notice upon discovery of the inadvertent disclosure, with the effect that such Discovery Material will be subject to the protections of this Order.　The Receiving Party shall exercise good faith efforts to ensure that copies it makes of Discovery Material produced to it, and copies made by others who obtained such Discovery Material directly or indirectly from the Receiving Party, include the appropriate confidentiality legend, to the same extent that the Discovery Material has been marked with the appropriate confidentiality legend by the Producing Party.　Should any "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY – SOURCE CODE" Discovery Material be disclosed to any unauthorized person, through inadvertence of a party, or through the act or omission of any party, the unauthorized person (a) shall be informed promptly of the provisions of this Protective Order by the party who first learns of the inadvertent disclosure and upon such notice shall be subject to the terms of this Order; (b) shall be identified immediately to all other parties; (c) shall be directed, if within the control of a party, or otherwise asked, to sign an acknowledgement of confidentiality.　The person or entity whose inadvertence caused the unauthorized disclosure shall be responsible for attempting to secure the unauthorized persons' assent to the promise of confidentiality.

(13)　**Challenging Designation of Materials.**　Any party who wishes to challenge the propriety of the designation of Discovery Material as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY – SOURCE CODE" may do so by providing written notice to the Producing Party.　Such notice may be given at any time up to fourteen days before anticipated non-confidential use (e.g., deposition or trial), filing, or other desired

10

disclosure (e.g. to employees or others not permitted by this Order).   The notice shall (a) attach a copy of or otherwise reasonably and particularly identify  each "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY – SOURCE CODE" document or category of information subject to challenge, or shall identify each such document by production number or other appropriate designation, and state that the challenging party objects tothe designation of such document as "CONFIDENTIAL," "ATTORNEYS'EYES ONLY," or "ATTORNEYS' EYES ONLY – SOURCE CODE," (b) set forth the reason for such objection, and (c) identify and describe the desired disclosure.  The objecting party and the Producing Party shall attempt in good faith to resolve any challenge on an informal basis.  If an agreement cannot be reached, the objecting party may seek a decision from this Court with respect to the propriety of the designation.  The subject Discovery Material will continue to be protected by the terms of this Order until the Court orders otherwise.

(14)    **Additional Parties.**  In the event additional parties join or are joined in this Litigation, they shall not have access to "CONFIDENTIAL," "ATTORNEYS'EYES ONLY," or "ATTORNEYS' EYES ONLY – SOURCE CODE" Discovery Material until the newly joined party by its counsel has executed and filed with the Court its agreement to be fully bound by this Order.

(15)    **Modification of this Order.**  It is the present intention of the parties that the provisions of this Order shall governdiscovery in this Litigation.  Nonetheless, each of the parties hereto shall be entitled to seek modification of this Order, or relief therefrom, by application to the Court on notice to the other parties hereto.

(16)    **No Waiver of Privilege**:  Inadvertent disclosure (including production) of information that a party or non-party later claims should not have been disclosed because of a

privilege, including, but not limited to, the attorney-client privilege or work product doctrine ("Privileged Information"), shall not constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work-product, or other ground for withholding production as to which the Producing Party would be entitled in the Litigation or any other federal or state proceeding. Upon discovery by a Producing Party (or upon receipt of notice from another party) that he/she/it may have inadvertently produced Privileged Information, the Producing Party shall, within ten (10) days of such discovery, request the return of such information in writing by identifying the Privileged Information and stating the basis on which the Privileged Information should be withheld from production. After being notified, all other parties must promptly return, sequester, or destroy the Privileged Information and any copies he/she/it has; must not use or disclose the information until the claim is resolved; and must take reasonable steps to retrieve the Privileged Information if he/she/it disclosed the Privileged Information before being notified. If any party then disputes the privilege claim ("Objecting Party"), that Objecting Party shall notify the Producing Party of the dispute and the basis therefor in writing within thirty (30) days of receipt of the request for the return of the Privileged Information. The Parties thereafter shall meet and confer in good faith regarding the disputed claim within thirty (30) days. In the event that the Parties do not resolve their dispute, either Party may bring a motion for a determination of whether a privilege applies. If such a motion is made, the Producing Party shall submit to the Court for in camera review under seal a copy of the disputed information in connection with its motion papers. The submission to the Court shall not constitute a waiver of any privilege or protection. The Producing Party must preserve the information claimed to be privileged or otherwise protected until the claim is resolved.

Except as expressly set forth herein, nothing in this provision shall limit the bases on which

the Objecting Party may challenge the assertion of any privilege or protection by the Producing Party. In addition, nothing in this provision shall permit the Producing Party to seek to withhold or "claw back" a previously-produced document in this Litigation if that document was the subject of deposition testimony in this Litigation and the Producing Party did not provide notice, as described above within ten (10) days after the deposition, that the document was privileged or protected and should be returned.

(17) **Order Remains in Force.** The provisions of this Order shall, absent written permission of the Producing Party or further order of the Court, continue to remain in force and effect until modified, superseded, or terminated by consent of the parties or by order of the Court made upon reasonable written notice. Unless otherwise ordered, or agreed upon by the parties, this Order shall survive the termination of this action. The Court retains jurisdiction even after termination of this action to enforce this Order and to make such amendments, modifications, deletions and additions to this Order as the Court may from time to time deem appropriate.

(18) **Conclusion of Litigation.** Within ninety (90) days after receiving notice of the entry of an order, judgment or decree finally disposing of this Litigation, all persons having received Protected Material shall either return such material and all copies thereof to counsel for the Producing Party, or permanently destroy all such Protected Material and, in either case, certify that fact in writing to counsel for the Producing Party. Counsel of record shall make arrangements for the return of Protected Material that counsel of record provided to any persons or entities, except the Court, court personnel and court reporters. Outside counsel of record for the parties shall be entitled to retain within its attorney files court papers, depositions, information and documents obtained in discovery, trial transcripts and attorney work product, provided that such outside counsel of record shall not disclose Protected Material to any person except pursuant

13

to a court order or agreement with the Producing Party. All material returned to the parties or their counsel by the Court shall likewise be disposed of in accordance with this paragraph.

(19)   **Subpoena by Other Courts, Parties, or Agencies**. If any Receiving Party is subpoenaed in another action, or is served with a demand in another action to which he or it is a party, or is served with any other legal process by one not a party to this litigation, seeking Discovery Material which was produced or designated as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY – SOURCE CODE" by the Producing Party, the Receiving Party shall give actual written notice, by hand delivery or electronic mail within seven (7) business days of receipt of such subpoena, demand, or legal process, to those who produced or designated the material "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY – SOURCE CODE." The Receiving Party shall not produce any of the Producing Party's "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY – SOURCE CODE" Discovery Material, unless the Producing Party provides written consent or as otherwise ordered by a Court for a period of at least ten (10) days after providing the required notice to the Producing Party, during which time the Producing Party may file objections to the production of "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY – SOURCE CODE" Discovery Material with the appropriate Court. If, within five (5) days of receiving such notice, the Producing Party gives notice to the subpoenaed party that the Producing Party opposes production of its "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY – SOURCE CODE" Discovery Material, the Receiving Party shall not thereafter produce such "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY – SOURCE CODE" Discovery Material except pursuant to a court order requiring compliance with

14

the subpoena, demand, or other legal process. The Producing Party shall be solely responsible for asserting any objection or otherwise applying for relief from the requested production to the appropriate Court. Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Order to challenge or appeal any order requiring production of "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY – SOURCE CODE" Discovery Material covered by this Protective Order, or subject himself or itself to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court.

**SO ORDERED**.

Signed: November 9, 2021

_____
David C. Keesler
United States Magistrate Judge

**CONSENTED TO BY**:

/s/ Alexandra J. Hirsch
Jeffrey P. MacHarg
N.C. State Bar No. 37546
Alexandra J. Hirsch
N.C. State Bar No. 47808
FOX ROTHSCHILD LLP
101 N. Tryon St., Suite 1300
Charlotte, North Carolina 28246
Phone: 704-384-2618
Fax: 704-384-2800
Email: jmacharg@foxrothschild.com
Email: ahirsch@foxrothschild.com

/s/ Ryan B. Simpson
David G. Redding
N.C. State Bar No. 24476
Ryan B. Simpson
N.C. State Bar No. 53608
TLG LAW
2907 Providence Road, Suite 303
Charlotte, North Carolina 28211
Phone/Fax: 704-900-2215
Email: dredding@tlg-law.com
Email: rsimpson@tlg-law.com

15

## EXHIBIT "A"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CASE NO. 3:20-CV-611-RJC-DCK**

| | |
|---|---|
| **CHANNELTIVITY, LLC**<br><br>            **Plaintiff,**<br><br>    **v.**<br><br>**ALLBOUND, INC.,**<br><br>            **Defendant.** | **ACKNOWLEDGEMENT OF CONFIDENTIALITY** |

I certify (i) I understand that confidential discovery material is being provided to me pursuant to the terms and restrictions of the Stipulated Protective Order (the "Order") entered by the United States District Court for the Western District of North Carolina in the above-referenced action, (ii) I have read and understand the terms of the Order, (iii) I agree to be fully bound by the Order, and (iv) I submit to the jurisdiction of the United States District Court for the Western District of North Carolina for purposes of enforcement of the Order, and I understand that violation of the Order is punishable as a contempt of court.

Dated:_____

Name:_____

Signature:_____

16